IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LG ELECTRONICS, INC.,

                Plaintiff,

      v.

QUANTA COMPUTER INC., QUANTA
STORAGE INC., and QUANTA
COMPUTER USA, INC.,

                Defendants.

OPINION AND
ORDER

07-C-0361-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary and injunctive relief, plaintiff LG Electronics, Inc.
contends that defendants Quanta Computer Inc. and Quanta Computer USA, Inc. have
infringed four of its patents relating to optical disk drives and that defendant Quanta Storage
Inc. has infringed two of its patents relating to optical disk drives.

Presently before the court are two motions: defendant Quanta Storage Inc.'s motion
to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), dkt. #9, and
defendant Quanta Storage Inc.'s motion to strike portions of an affidavit filed by plaintiff
in opposition to defendant Quanta Storage Inc.'s motion to dismiss, dkt. #24.  I will grant
defendant Quanta Storage Inc.'s motion to dismiss because plaintiff has failed to make a

prima facie showing that defendant Quanta Storage Inc. had minimum contacts with Wisconsin that would permit this court to exercise personal jurisdiction over it.  Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) (quoting Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002)) (when court decides motion on written submissions without evidentiary hearing, "the plaintiff need only make out a prima facie case of personal jurisdiction").  See also Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1344 (Fed. Cir. 2006).  Plaintiff has not shown that an established distribution channel existed that resulted in the sales of defendant Quanta Storage Inc.'s allegedly infringing devices in Wisconsin.  In addition, I will deny defendant Quanta Storage Inc.'s motion to strike as moot, but will disregard portions of Harold W. Bundlie's affidavit that lack foundation and do not rely on personal knowledge.

Before turning to defendant Quanta Storage Inc.'s motions, one additional matter requires discussion.  Plaintiff filed an amended complaint after defendant Quanta Storage Inc. filed its motion to dismiss, thereby triggering a new motion to dismiss by defendant Quanta Storage Inc.  However, briefing on the new motion is unnecessary because none of the changes made in the amended complaint affect the analysis of the personal jurisdiction issues raised in the first motion.  Although plaintiff substituted United States Patent No. 5,991,250 for United States Patent No. 7,088,655 in the first claim and included additional allegedly infringing DVD drives, defendant Quanta Storage Inc.'s business practices and the

other relevant jurisdictional facts remain the same.

From the parties' pleadings, affidavits, and deposition transcript, I find the following facts material and undisputed for the sole purpose of deciding this motion. <u>Purdue Research Foundation</u>, 338 F.3d at 782 (in evaluating plaintiff's satisfaction of <u>prima facie</u> standard, court accepts all well-pleaded allegations in complaint as true, unless controverted by challenging party's affidavits; any conflicts concerning relevant facts are to be decided in favor of party asserting jurisdiction). <u>See also</u> <u>Pennington Seed, Inc.</u>, 457 F.3d at 1344.

## JURISDICTIONAL FACTS

### A. <u>Parties</u>

Plaintiff LG Electronics, Inc. is a Korean corporation with its principal place of business in Seoul, Korea. Plaintiff designs, manufactures and sells a variety of consumer products worldwide, including mobile telephone handsets, plasma displays, washing machines and Digital Versatile Disc recorders and players. Plaintiff owns four patents related to DVD drives: (1) United States Patent No. 7,088,655 (the '655 patent); (2) United States Patent No. 6,782,488 (the '488 patent); (3) United States Reissued Patent No. RE38,868 (the '868 patent); and (4) United States Reissued Patent No. RE37,052 (the '052 patent).

Defendant Quanta Computer Inc. is a Taiwanese corporation with its principal place

3

of business in Tao Yuan Shien, Tawain.  Defendant Quanta Computer Inc. manufactures notebook computers and ships them worldwide, including to the United States.

Defendant Quanta Computer USA, Inc. is a California corporation with its principal place of business in Fremont, California.  Defendant Quanta Computer USA, Inc. services and repairs notebook computers.  Defendant Quanta Computer USA, Inc. is a wholly-owned subsidiary of defendant Quanta Computer Inc.

Defendant Quanta Storage Inc. is a Taiwanese corporation with its principal place of business in Tao Yuan Shien, Tawain.  Defendant Quanta Storage Inc. manufactures and sells optical storage devices, including DVD drives for use in computer systems.  Defendant Quanta Computer Inc. owns approximately 31% of defendant Quanta Storage Inc.'s shares.

Plaintiff and defendant Quanta Storage Inc. are competitors in the worldwide market for the manufacture and sale of DVD drives.  Plaintiff alleges that defendant Quanta Storage Inc.'s DVD drives infringe the '655 patent and the '488 patent.


B.  <u>Defendant Quanta Storage Inc.'s Contacts with Wisconsin</u>

Defendant Quanta Storage Inc. is located in Tawain.  It does not conduct business in Wisconsin and is not registered to do business in Wisconsin.  Defendant Quanta Storage Inc. does not have a registered agent for service of process in Wisconsin.  It does not own or lease property, maintain any offices or facilities, have any employees or have any bank

4

accounts in Wisconsin.  Defendant Quanta Storage Inc. has never shipped a DVD drive to Wisconsin, implemented any DVD drive designs to comply with Wisconsin law or marketed DVD drives to Wisconsin.

Defendant Quanta Storage Inc. sells and ships its DVD drives worldwide, including to the United States.  As of 2001, defendant Quanta Storage Inc. has sold and shipped approximately two million of its DVD drives directly to the United States, which represents approximately five percent of its worldwide shipments of DVD drives.

Individual United States consumers cannot purchase Quanta Storage Inc.'s DVD drives at retail stores or on the internet.  Rather, Quanta Storage Inc.'s DVD drives are incorporated into notebook computers that are sold worldwide, including in the United States.  The DVD drives are incorporated into notebook computers by other companies. These companies include:  (1) optical storage suppliers such as Phillips and Optiarc; (2) original equipment manufacturers such as Quanta Computer and Compal, who manufacture notebook computers and computer components; and (3) notebook computer brand companies such as Dell, Hewlett-Packard, Acer and Asus, who sell and distribute notebook computers.

DVD drives manufactured by defendant Quanta Storage Inc. are sold under its own brand and model number as well as those of its customers.  Presently, defendant Quanta Storage Inc.'s main customers are Phillips and Optiarc.  Defendant Quanta Storage Inc.

5

ships its DVD drives directly to Phillips and Optiarc.  At Phillips's and Optiarc's direction, defendant Quanta Storage Inc. also delivers its DVD drives to Phillips's and Optiarc's customers, including notebook computer brand companies such as Dell.

At the request of Phillips and Optiarc, defendant Quanta Storage Inc. has established hubs or warehouses near some of the assembly plants of Phillips's and Optiarc's customers. Quanta Storage Inc. has a hub located next to Dell's assembly plant in Texas.  Quanta Storage Inc. also has hubs in Tennessee and Nevada located near assembly plants owned by Quanta Computer subsidiaries.  Defendant Quanta Storage Inc. ships its DVD drives to Texas, Tennessee and Nevada, in addition to California.  Defendant Quanta Storage Inc. does not have a hub or warehouse located in Wisconsin and does not ship its products directly to Wisconsin.

Besides Phillips and Optiarc, defendant Quanta Storage Inc. works directly with notebook computer brand companies.  For example, Quanta Storage Inc. works with many well known notebook computer brand companies, including Dell, HP, Acer, Sony, Asus, Lenovo, NEC, Fujitsu, Siemens, Lexmark, Fujitsu, Apple and Gateway, to qualify its DVD drives for incorporation in their computers.  In the past, defendant Quanta Storage Inc. dedicated teams of salespersons to Dell and HP.  At the request of Phillips and Optiarc, defendant Quanta Storage Inc. met with Dell and HP representatives on multiple occasions to review DVD drive designs and obtain qualification.

6

In 2006, Dell and HP constituted 28.4% and 23.6% of the United States computer market, respectively.  Defendant Quanta Storage Inc. is aware that Dell and HP sell notebook computers throughout the United States.  Dell sells notebook computers directly to the public through its internet website and retail stores.  There are four Direct Dell retail stores in Wisconsin.  Dell maintains webpages that are tailored to Wisconsin consumers. Likewise, HP sells notebook computers directly to the public through its internet website and maintains webpages that are tailored to Wisconsin consumers.

On August 30, 2007, plaintiff's counsel purchased two Gateway notebook computers and one Compaq Presario notebook computer from retail stores located in Madison, Wisconsin.  Each computer contained an Optiarc DVD drive, model number DVD RW AD-7530A, which corresponds to Quanta Storage Inc. model number QSI SDW-086.

On July 3, 2007, plaintiff filed a complaint against defendants in this court contending that defendants' DVD drives infringe four of its patents.

OPINION

A.  Defendant Quanta Storage Inc.'s Motion to Strike

Before turning to the substance of the motion to dismiss, I will address defendant Quanta Storage Inc.'s motion to strike.  In opposition to defendant's motion to dismiss, plaintiff submitted the affidavit of Harold W. Bundlie, III, Dell's Global Community

7

Manager for optical drives.  In the relevant portion of his affidavit, Bundlie states that "I reasonably believe that the above-identified optical drives [Quanta Storage Inc. DVD drives] were installed in computers that were sold in the United States, including the state of Wisconsin."  However, immediately preceding this statement Bundlie acknowledged that Dell does not track the distribution of optical drives that are installed in its computers and shipped to the United States.  Defendant Quanta Storage Inc. objects to Bundlie's statement as speculative, not based on personal knowledge and therefore lacking foundation.  I agree.

Bundlie indicated that he has personal knowledge of Dell's purchasing, assembly, sales and distribution practices regarding optical drives.  Further, he stated that he reasonably believes the accused products were installed in computers shipped to Wisconsin. Left at this, his statement might be useful.  However, Bundlie stated immediately beforehand that Dell does not track the distribution of incorporated optical drives that are shipped to the United States.  Bundlie cannot testify that Dell computers containing Quanta Storage Inc.'s DVD drives were sold in Wisconsin when he acknowledges in the same sentence that Dell does not track the distribution of optical drives that it installs in its computers and ships to the United States.  Unterreiner v. Volkswagen of America, 8 F.3d 1206, 1210 (7th Cir. 1993) ("A party cannot claim a lack of general knowledge about a subject and later make a statement which requires detailed knowledge about the same subject.").

Without more information about why he believes notebook computers with the

8

allegedly infringing DVD drives were shipped to Wisconsin, Bundlie's statement is sheer speculation.  Perhaps Bundlie believes this is because a high percentage of Dell notebook computers contain the allegedly infringing DVD drives.  If all Dell notebook computers contain defendant Quanta Storage Inc.'s products, it might be reasonable to infer that some of defendant Quanta Storage Inc.'s products ended up in Wisconsin.  However, plaintiff presents no such evidence.  Therefore, I will disregard Bundlie's statement that he "reasonably believe[s] that the above-identified optical drives were installed in computers that were sold in the United States, including the state of Wisconsin" because this statement lacks foundation.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes a court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, no rule authorizes a court to strike an affidavit on the ground that the affiant lacks foundation for his averments.  Thus, although I will disregard the relevant portion of Bundlie's affidavit for lack of personal knowledge and lack of foundation, I will deny defendant's motion to strike as moot.

## B.  Defendant Quanta Storage Inc.'s Motion to Dismiss

### 1.  General principles

This court applies Federal Circuit law to decide a question of personal jurisdiction in

9

a patent infringement case.  Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).  Determining whether a district court can exercise personal jurisdiction over a defendant in a patent infringement suit involves a two-step inquiry. Trintec Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005).  First, the court must determine whether the defendant is subject to jurisdiction under the forum state's long-arm statute.  Id.  In this case, Wisconsin's long-arm statute applies and Wisconsin law guides this court regarding its application.  Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 958 (W.D. Wis. 2007).  When there is no Wisconsin case law on point, the court considers Federal Circuit case law as persuasive authority.  Id.  Second, if jurisdiction exists, the court must consider whether its exercise satisfies due process requirements.  Trintec Industries, Inc., 395 F.3d at 1279.

2.  Wis. Stat. 801.05(4)(b)

Under Wisconsin law, plaintiff bears the minimal burden of making a prima facie showing that constitutional and statutory requirements for the assumption of personal jurisdiction are satisfied.  Kopke v. A. Hartrodt S.R.L., 2001 WI 99, ¶ 8, 245 Wis. 2d 396, 629 N.W.2d 662.  Wisconsin liberally construes its long-arm statute in favor of jurisdiction. Id. ¶ 10.  A court may reasonably infer jurisdictional facts or contacts from other evidence in the record.  Stevens v. White Motor Corp., 77 Wis. 2d 64, 75, 252 N.W.2d 88, 94

(1977).

Plaintiff contends that section 801.05(4)(b) authorizes this court to exercise personal jurisdiction over defendant Quanta Storage Inc.  Under 801.05(4)(b), Wisconsin courts may exercise personal jurisdiction over a nonresident defendant whose foreign act gives rise to a local injury:

> A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:
>
> . . .
>
> (4) Local injury; foreign act.  In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:
>
> . . .
>
> (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Thus, plaintiff must make a <u>prima facie</u> showing that it was injured in Wisconsin, that defendant Quanta Storage, Inc.'s act outside Wisconsin caused the injury and that defendant's products were used in Wisconsin in the ordinary course of business.  Wis. Stat. § 801.05(4).

To support its contention that it was injured in Wisconsin, plaintiff points to its local purchases of three notebook computers containing defendant Quanta Storage Inc.'s accused

11

DVD drives.  On August 30, 2007, plaintiff's counsel purchased three notebook computers (two Gateway computers and one Compaq computer) from three Madison, Wisconsin retailers.  Each notebook computer contained Optiarc DVD drive, model number DVD RW AD-7530A, which corresponds to Quanta Storage Inc.'s DVD drive, model number QSI SDW-086.  In its amended complaint, plaintiff identified QSI SDW-086 as one of defendant Quanta Storage Inc.'s DVD drives that allegedly infringes plaintiff's patents.

These Wisconsin purchases are important because an injury in a patent case is located "where the infringing sales are made."  <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d at 1571.  Quanta Storage Inc.'s allegedly infringing DVD drives were sold to plaintiff's counsel at Wisconsin retail stores.  Although these sales occurred after plaintiff filed its complaint, and the existence of personal jurisdiction is determined at the time of filing, the court may reasonably infer that such sales also occurred pre-filing.  <u>Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.</u>, 440 F.3d 870, 877-78 (7th Cir. 2006).  Because the infringing sales took place in Wisconsin, plaintiff's alleged injury of economic loss occurred within Wisconsin.

Technically speaking, plaintiff caused its own injury when its legal counsel purchased notebook computers containing the allegedly infringing DVD drives.  As this court previously recognized, a plaintiff cannot be injured by its own purchase of infringing products.  <u>Ricoh Co., Ltd.</u>, 481 F. Supp. 2d at 959-60.  The purchase of these notebook

computers containing the allegedly infringing products is limited evidence of their general availability in Wisconsin. That said, drawing inferences most generous to plaintiff and in favor of jurisdiction, if plaintiff's counsel could purchase the products at a retail outlet in August 2007, it is possible to infer other consumers also purchased notebook computers containing defendant Quanta Storage Inc.'s allegedly infringing DVD drives at Wisconsin retail stores before plaintiff filed its complaint. Id. at 960 ("If plaintiff had purchased the accused products at stores in Wisconsin or even through websites that targeted Wisconsin residents, it might be reasonable to infer that other Wisconsin sales were being made as well."). Accordingly, plaintiff's purchase of three notebook computers containing the accused product in Wisconsin is evidence of plaintiff's injury in Wisconsin.

Next, plaintiff must also show that its injury arose "out of an act or omission outside this state by the defendant." Wis. Stat. § 801.05(4). The relevant acts are defendant Quanta Storage Inc.'s manufacture, distribution and sale of allegedly infringing DVD drives. It is undisputed that these acts occurred in Tawain where defendant Quanta Storage Inc. is incorporated and has its principal place of business. The foreign act requirement set forth in Wisconsin's long-arm statute is therefore satisfied.

Finally, to bring defendant Quanta Storage Inc. within Wisconsin's long-arm statute, plaintiff must show that DVD drives manufactured by defendant were "used or consumed

within [Wisconsin] in the ordinary course of trade." Id. § 801.05(4)(b). This requirement is satisfied by the purchase of defendant Quanta Storage Inc.'s DVD drives in Wisconsin by plaintiff's counsel, and the reasonable inference drawn therefrom that other consumers bought and used notebook computers containing defendant's DVD drives in Wisconsin. Because plaintiff has shown that Wisconsin consumers can purchase and likely have purchased and used notebook computers containing defendant's allegedly infringing DVD drives, I find that the Wisconsin long-arm statute reaches defendant Quanta Storage Inc. under 801.05(4)(b).


3. Due process

Finding that a defendant's activities come within the reach of the state's long-arm statute is just the first step of a two-step inquiry. Trintec Industries, Inc., 395 F.3d at 1279. The second step requires the court to find that the exercise of personal jurisdiction over the defendant would not violate its due process rights. Id.

Personal jurisdiction comes in two forms: general and specific. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984). To establish specific jurisdiction, the court must be able to find that "there exist sufficient 'minimum contacts' such that maintenance of the suit does not offend 'traditional notions of fair play and

14

substantial justice.'" <u>Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.</u>, 444 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 476-78 (1985)).  The crucial inquiry is whether the defendant's contacts with the state are such that it should reasonably anticipate being haled into court because it has "purposefully availed" itself of the privilege of conducting activities in the forum state, invoking the benefits and protections of the state's laws.  <u>International Medical Group, Inc. v. American Arbitration Association, Inc.</u>, 312 F.3d 833, 846 (7th Cir. 2002) (citing <u>Burger King Corp.</u>, 471 U.S. at 474).  Although the plaintiff bears the burden of establishing minimum contacts, upon this showing, the defendant must prove that the exercise of jurisdiction is unreasonable.  <u>Breckenridge Pharmaceutical, Inc.</u>, 444 F.3d at 1361-62.

In this case, plaintiff contends that this court may exercise specific jurisdiction over defendant Quanta Storage Inc. because defendant Quanta Storage Inc. places its allegedly infringing DVD drives into a stream of commerce that results in the distribution of its DVD drives throughout the United States, including Wisconsin.  "The forum [s]tate does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum [s]tate."  <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297-98 (1980).  Under the stream of commerce theory, the sale of defendant's product must arise from defendant's efforts to "serve, directly or indirectly,

15

the market for its product in other [s]tates," and not from isolated occurrences.  Id. at 297.

What will constitute sufficient minimum contacts with the forum state under the stream of commerce theory remains an open question.  The Supreme Court was divided on this issue in Asahi Metal Industry Co., Ltd. v. Superior Court, 480 U.S. 102 (1987).  Writing for four justices, Justice O'Connor urged that due process requires the defendant to do more than place a product into the stream of commerce; defendant's actions must be "purposefully directed" toward the forum state.  Asahi Metal Industry Co., Ltd., 480 U.S. at 112.  Justice Brennan and three other justices disagreed that a showing of additional conduct was necessary and took the position that due process exists when the defendant places its products into a stream of commerce where there is a "regular and anticipated flow of products from manufacture to distribution to retail sale."  Id. at 117.

The Court of Appeals for the Federal Circuit has yet to settle the Asahi Metal Industry Co., Ltd. debate explicitly.  Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1322 n.7 (Fed. Cir. 2005) ("We have yet to decide whether Justice Brennan's standard is sufficient to satisfy due process, because we have yet to be presented with facts that do not meet the more rigorous standard adopted by Justice O'Connor.").  However, in Beverly Hills Fan Co., 21 F.3d 1558,  a case bearing many factual similarities to the case at hand, the Federal Circuit offered substantial guidance regarding contacts necessary for a court to exercise personal jurisdiction over a defendant.

16

In <u>Beverly Hills Fan Co.</u>, plaintiff sued the defendant manufacturer and defendant distributor in the Eastern District of Virginia for patent infringement relating to ceiling fans. The defendants were located overseas and had few ties to Virginia; they did not have any employees or assets in Virginia; they did not have any agents for service of process in Virginia, they were not licensed to do business in Virginia; the defendant manufacturer did not directly ship the fans into Virginia; and defendant distributor did not make any sales in Virginia other than a small one-time sale of an unrelated product.  <u>Id.</u>  The plaintiff's private investigator did, however, purchase an accused ceiling fan from a Virginia retail store and store employees subsequently reported that fifty-two other ceiling fans were being sold in six of their Virginia store locations.  <u>Id.</u> at 1560-61.

The court indicated that an "established distribution channel" is a significant factor in determining whether jurisdiction may be established by a stream of commerce.  <u>Id.</u> at 1566 n.15. The presence of at least fifty-two of defendants' accused ceiling fans in Virginia suggested an ongoing and intentional commercial relationship between the defendants and the Virginia retail store and it customers.  <u>Id.</u> at 1564.  From that ongoing relationship, the court inferred that the distribution channel formed by defendants and the Virginia retail store was intentionally established and that defendants knew or should have known that the distribution channel could terminate in Virginia.  <u>Id.</u>  Because the defendants purposefully shipped their allegedly infringing fan into Virginia through an established distribution

17

channel, the court that held due process would not be violated by subjecting defendants to personal jurisdiction in Virginia.  Id. at 1565-66.

Plaintiff has not shown a similar established distribution channel in the present case. Defendant Quanta Storage Inc. is a Taiwanese corporation.  It does not do business in Wisconsin, it does not have any facilities or employees in Wisconsin, it has never shipped a DVD drive to Wisconsin and it has never tailored its products or marketing to Wisconsin. Nevertheless, plaintiff argues that the stream of commerce theory applies because defendant Quanta Storage Inc. uses two established distribution channels that end in Wisconsin.

Plaintiff alleges that one such established distribution channel exists between defendant Quanta Storage Inc. and Dell.  Quanta Storage Inc. has, at its customers' request, worked with Dell to maximize the incorporation of its DVD drives into Dell notebook computers that are distributed throughout the United States.  Dell is a leading retailer of notebook computers in the United States.  Defendant Quanta Storage Inc. meets with Dell representatives so that Dell may review and qualify its DVD drives.  Defendant Quanta Storage Inc. then manufactures its DVD drives and delivers them directly to Dell or to its hub located next to Dell's Texas assembly plant where Dell agents can purchase and pick-up defendant's DVD drives.  This delivery of defendant's products to Dell is where evidence of this distribution channel ends, however.  Unlike Beverly Hills Fan Co., 21 F.3d 1558, in

18

which the patent holder showed that fifty-two accused ceiling fans were present in the forum state, plaintiff has failed to present evidence that Dell's computers containing defendant's DVD drives were present or sold in Wisconsin. Dell has stores in Wisconsin, but there is no evidence before the court that the infringing products were sold through these stores. Without evidence of a Wisconsin termination point, plaintiff cannot show that an established distribution system exists between defendant Quanta Storage Inc., Dell and Wisconsin retailers or consumers.

The second alleged distribution channel relates to the three products, two Gateway notebook computers and one Compaq Presario notebook computer that plaintiff's counsel purchased from Wisconsin retailers. Plaintiff has shown that these notebook computers contained defendant's DVD drives and were sold in Wisconsin. However, this termination point is all that plaintiff provides. Without more information about how these products originated and eventually arrived in Wisconsin, this court cannot trace these products back to defendant Quanta Storage Inc.'s manufacture of the incorporated DVD drives. It is clear that nearly all DVD drives manufactured by defendant Quanta Storage Inc. pass through many hands before they are eventually sold to individual customers. Defendant Quanta Storage Inc.'s main customers are optical storage suppliers who sell defendant's DVD drives to notebook manufacturers who incorporate the drives into computers and sell them to notebook computer brand companies who in turn brand the computers and distribute them

19

to retailers who sell the computers to individual consumers.  Therefore, plaintiff's purchase of only three notebook computers containing defendant's accused DVD drives in Wisconsin is simply not enough to demonstrate that an established distribution system exists between defendant, Gateway or Compaq and Wisconsin retailers or consumers.

In comparison with Beverly Hills Fan Co., in which the plaintiff not only purchased an infringing product from a Virginia retail store, but it had evidence that at least fifty-two other ceiling fans were for sale in six of the store branches.  In this case, plaintiff has showed only that three allegedly infringing products were present and sold in Wisconsin.  The sale of so few products does not establish that defendant Quanta Storage Inc. had a commercial relationship with Wisconsin retailers, let alone that it had established distribution channel.

Without evidence of an established distribution channel extending from defendant Quanta Storage Inc.'s manufacture of the allegedly infringing DVD drives to the sale of notebook computers containing those DVD drives in Wisconsin, plaintiff has failed to make a prima facie showing of the minimum contacts needed for this court to exercise personal jurisdiction over Quanta Storage Inc. without offending due process.

## C.  Plaintiff's Request for Additional Jurisdictional Discovery

Finally, plaintiff requests additional discovery if the present factual record is

insufficient to establish personal jurisdiction over defendant Quanta Storage Inc. Jurisdictional "discovery is appropriate where the existing record is 'inadequate' to support personal jurisdiction *and* 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" <u>Trintec Industries, Inc.</u>, 395 F.3d at 1283 (quoting <u>GTE New Media Services Inc. v. BellSouth Corp.</u>, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000)) (emphasis added).

Plaintiff fails to specify what additional discovery it seeks that would allow this court to exercise personal jurisdiction over defendant Quanta Storage Inc.  Instead, plaintiff offers a blanket discovery request that amounts to a fishing expedition.  The fact that plaintiff could not establish a <u>prima</u> <u>facie</u> case of personal jurisdiction after deposing defendant Quanta Storage Inc.'s finance director for an entire day and receiving more than 700 pages of pertinent documentation is strong evidence that the requisite minimum contacts simply do not exist.  Accordingly, plaintiff's request for additional jurisdictional discovery will be denied.

$$\overline{\hspace{6cm}}\text{ORDER}\overline{\hspace{3cm}}$$

$\overline{\hspace{3cm}}$IT IS ORDERED that

1. Defendant Quanta Storage Inc.'s motion to strike portions of the affidavit of

Harold W. Bundlie, III is DENIED as moot.

2.  Defendant Quanta Storage Inc.'s motion to dismiss plaintiff LG Electronics, Inc.'s complaint for lack of personal jurisdiction is GRANTED.

3.  Plaintiff LG Electronics, Inc.'s request for additional jurisdictional discovery is DENIED.

Entered this 5th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

22