IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LG ELECTRONICS, INC.,

                Plaintiff,

v.

QUANTA COMPUTER INC. and
QUANTA COMPUTER USA, INC.,

                Defendants.

ORDER

07-cv-361-bbc

---

On July 1, 2008, this court held a recorded telephonic hearing to address concerns raised in the parties' competing letters to the court explaining discovery disputes related to several topics. *See* Dkts. 301 and 305.

As a preliminary matter, I reminded the parties that to obtain action from the court, they need to file motions requesting actual relief. Sometimes, where time is of the essence, the court will entertain oral requests for telephonic hearings, but when the choice is between a complaint letter and a motion, the choice always should be the motion.

That said, due to the parties' tight schedule, I refereed their disputes. The record speaks for itself and I will not repeat the gist of my directions and rulings in this order. As for the court's two most equivocal rulings regarding the deposition of Andy Ho and LGE's review of the representative samples using different software, in light of the parties' diametrically opposed and equally logical explanations of what is happening, the parties are to proceed incrementally as directed. As further concrete information is developed, the parties may return to court for quick supplemental rulings in the event that agreement on how to proceed eludes them. Additionally,

as stated at the hearing, in the event that one party persuades the court that the other party's position was incorrect, false or misleading, the court will sanction the offending party severely. We have reached the point in the calendar where the court must rely on the true threat of sanctions to deter either side from playing fast and loose with the remaining discovery.

To the extent that the court's CM/ECF system needs a ruling, defendant's "motion" regarding upcoming depositions is granted in part and denied in part. Plaintiff's "brief in opposition" (dkt. 305) does not require formal resolution from the court, although the parties must obey the court's directives regarding the representative samples. Each side will bear its own expenses on these disputes.

Entered this 2nd day of July, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge